In the Matter of the Petition of THE FARMERS' LOAN AND TRUST COMPANY and Others, to Render and Settle Their Accounts as Executors, etc., of LIONEL J. SALOMON, Deceased, Respondents. NEW YORK FOUNDATION, Appellant.— Decree of the Surrogate's Court of Kings county, in so far as appealed from, unanimously affirmed, with costs to respondents payable out of the estate. Matter of Barker (230 N. Y. 364) does not announce a determination based upon the language of the will. It is an authority for the proposition that commissions to executors may be allowed under the statute (Surrogate's Court Act, § 285),† where real estate came under the custody and charge of the executors. The case at bar must be determined solely upon the language of the will before us. It is apparent that in view of the magnitude of the personal estate, the testator did not contemplate the necessity of a sale of his real estate to pay legacies which appear to be about ten per cent of the total personal estate. Therefore, in giving effect to all of the language of the will, it seems to us reasonable to assume that in the use of the words that the testator wanted his real estate to be deemed personal property " for the distribution and settlement of my estate " he evinced an intention that the real estate was to be included as a basis for determining com-

* Respectively added by Laws of 1923, chap. 526, and amd. by Laws of 1928, chap. 702.— [REP.

† Amd. by Laws of 1923, chap. 649.— [REP.

missions to executors. Present — Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ.